UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MARLENE SMITH,

    Plaintiff,

v.

J.P. MORGAN CHASE BANK; et al.,

    Defendants.

3:11-cv-0314-LRH-VPC

ORDER

    Before the court is defendants J.P. Morgan Chase Bank and Chase Home Finance, LLC's (collectively "Chase") motion to dismiss. Doc. #16.[1] Plaintiff Marlene Smith ("Smith") filed an opposition (Doc. #22) to which Chase replied (Doc. #29).

    Also before the court is Chase's motion to stay pending disposition of the motion to dismiss. Doc. #17.

**I.    Facts and Procedural History**

    In May, 2006, plaintiff Smith and her late husband purchased real property through a mortgage note and deed of trust executed by defendant Long Beach Mortgage Company ("Long Beach"). Eventually, they defaulted on the loan and defendants initiated non-judicial foreclosure proceedings. Smith then allegedly entered into a binding loan modification with

---

[1] Relates to the court's docket number.

defendant Washington Mutual Bank, FA ("WaMu") in June 2009, before WaMu was placed in receivership with the Federal Deposit Insurance Corporation ("FDIC").

After the loan modification, defendants allegedly (1) continued with the non-judicial foreclosure, (2) began harassing Smith and her late husband, and (3) recorded false documents on their title. On June 5, 2010, while defendants were allegedly engaged in the aforementioned activities, Smith's husband committed suicide.

Subsequently, on May 2, 2011, Smith filed the underlying complaint against defendants alleging fourteen (14) causes of action: (1) wrongful death pursuant to NRS 41.085; (2) negligent wrongful death; (3) Fair Debt Collection Practices Act; (4) intentional infliction of emotional distress; (5) negligent infliction of emotional distress; (6) breach of contract; (7) breach of implied covenants of good faith and fair dealing; (8) breach of fiduciary duty; (9) civil conspiracy; (10) intentional interference with contractual relations; (11) negligence; (12) negligence *per se*; (13) invasion of privacy; and (14) unjust enrichment. Doc. #1. Thereafter, Chase filed the present motion to dismiss. Doc. #16.[2]

**II.   Legal Standard**

Chase seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S.

---

[2] In response to Chase's motion to dismiss, Smith has withdrawn her claims for breach of fiduciary duty, civil conspiracy, negligence, and unjust enrichment. Therefore, the court shall only address the remaining claims.

2

1  Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

2  Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, 3  accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting 4  *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows 5  the court to draw the reasonable inference, based on the court's judicial experience and common 6  sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility 7  standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a 8  defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a 9  defendant's liability, it stops short of the line between possibility and plausibility of entitlement to 10  relief." *Id.* at 1949 (internal quotation marks and citation omitted).

11  In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as 12  true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of 13  the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret* 14  *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) 15  (internal quotation marks omitted). The court discounts these allegations because "they do nothing 16  more than state a legal conclusion—even if that conclusion is cast in the form of a factual 17  allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to 18  dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be 19  plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

20  **III.   Discussion**

21  **A. Wrongful Death**

22  In its motion to dismiss, Chase contends that suicide is an intervening factor which 23  precludes a claim for wrongful death. However, Nevada law does not distinguish between the type 24  of death. *See* NRS 41.085. Specifically, NRS 41.085 provides that the heir of the decedent may 25  maintain an action for damages when that death is caused by the wrongful act or neglect of

26  3

1  defendant. NRS 41.085(2).

2  In her complaint, Smith alleges that her late husband's suicide was the result of emotional
3  distress brought on by defendants' illegal foreclosure activities, harassment, and false recordation
4  of documents. The court finds these allegations sufficient to state a claim for wrongful death.

5  **B. Negligent Wrongful Death**

6  In Nevada there is no separate cause of action for negligent wrongful death. *See* NRS
7  41.085. Rather, all wrongful death claims are brought under NRS 41.085. Accordingly, the court
8  shall dismiss Smith's separate claim for negligent wrongful death.

9  **C. Fair Debt Collection Practices Act**

10  In her complaint, Smith alleges that defendants violated the Fair Debt Collection Practices
11  Act ("FDCPA"), found at 15 U.S.C. §§ 1692 et seq, by initiating a non-judicial foreclosure without
12  following the proper procedures for attempting to collect a debt. *See* Doc. #1. The court disagrees.

13  It is well established that non-judicial foreclosures are not an attempt to collect a debt under
14  the Fair Debt Collection Practice Act and similar state statutes. *See e.g., Hulse v. Ocwen Fed. Bank*
15  *FSB*, 195 F. Supp. 2d 1188 (D. Or. 2002); *Charov v. Perry*, 2010 U.S. Dist. LEXIS 65798 (D. Nev.
16  2010) (holding that recording a notice of default is not an attempt to collect a debt because the
17  borrower already consented to allow the foreclosure trustee to record the notice upon default).
18  Further, the legislative history of the FDCPA conclusively indicates that a debt collector does not
19  include a mortgage servicing company, like Chase. *See* S.Rep. No. 95-382, 95th Cong., 1st Sess. 3,
20  reprinted in 1977 U.S.Code Cong. & Ad.News 1965, 1968. Therefore, Smith fails to state a claim
21  upon which relief can be granted.

22  **D. Intentional Infliction of Emotional Distress**

23  To establish a claim for intentional infliction of emotional distress, a plaintiff must show:
24  (1) extreme or outrageous conduct by defendant; and (2) plaintiff suffered severe emotional
25  distress. *Dillard Dept. Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999). Extreme and

26  
4

outrageous conduct is that which is "outside all possible bounds of decency" and is intolerable in civil life. *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 25 (Nev. 1998).

In her complaint, Smith alleges that defendants sent her false monthly collection notices, recorded false information on her title, sent threatening letters, engaged in a pattern of harassing telephone calls, and purposefully refused her monthly payments under the loan modification agreement in order to allow them to continue with the wrongful foreclosure. *See* Doc. #1. The court finds that these allegations are sufficient to state a claim for intentional infliction of emotional distress. Therefore, the court shall deny Chase's motion as to this issue.

**E. Negligent Infliction of Emotional Distress**

In its motion, Chase contends that Smith's claim for negligent infliction of emotional distress should be dismissed because Smith was not a bystander to, but a direct victim of, defendants' alleged negligent acts. *See* Doc. #16. However, in Nevada, a direct victim of a defendant's negligent acts can recover for negligent infliction of emotional distress. *Shoen v. Amerco, Inc.*, 896 P.2d 469, 477 (Nev. 1995) ("If a bystander can recover for the negligent infliction of emotional distress, it is only logical that the direct victim be permitted the same recovery. . . . We recognize that the negligent infliction of emotional distress can be an element of the damage sustained by the negligent acts committed directly against the victim-plaintiff.") Therefore, the court finds that Smith has sufficiently pled a claim for negligent infliction of emotional distress.

**F. Breach of Contract**

To prevail on a breach of contract claim, a plaintiff must demonstrate: (1) the existence of a valid contract; (2) a breach by the defendant; and (3) damages resulting from defendant's breach. *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919-20 (D. Nev. 2006); *Brown v. Kinross Gold U.S.A., Inc.*, 531 F. Supp. 2d 1234, 1240 (D. Nev. 2008).

In her complaint, Smith alleges that she entered into a binding loan modification with

5

WaMu and that she performed all of her necessary obligations under that agreement. However, there are no allegations in the complaint that Chase was a party to the loan modification or that there was a separate contract between Smith and Chase. Therefore, the court finds that Smith fails to state a claim for breach of contract as it relates to Chase.

### G. Breach of Implied Covenants of Good Faith and Fair Dealing

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). To establish a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must show that: (1) the plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith and fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *See Perry v. Jordan*, 134 P.3d 698, 702 (Nev. 2006) (citing *Hilton Hotels Corp. v. Butch Lewis Prod. Inc.*, 808 P.2d 919, 922-23 (Nev. 1991).

Here, there are no allegations of any contract between Smith and Chase. The only contracts identified in the complaint are the original mortgage contract and subsequent binding loan modification between Smith and WaMu. Thus, Smith fails to state a claim for breach of the implied covenants as to Chase.

### H. Intentional Interference with Contract

To state a claim for intentional interference with a contract, a plaintiff must allege: (1) the existence of a valid contract between plaintiff and a third-party; (2) the defendant's knowledge of the contract; (3) an intentional act by defendant to disrupt the contractual relationship; (4) actual disruption of the contractual relationship; (5) and damages. *See Hilton Hotels Corp. v. Butch Lewis Prod., Inc.*, 862 P.2d 1207, 1210 (Nev. 1993).

In her complaint, Smith alleges that there was a valid rental contract between her and a

6

third-party tenant that defendants knowingly interfered with by sending collection notices demanding direct payment of the rent to the third-party tenant. *See* Doc. #1. The court finds that these allegations are sufficient to plead a claim for intentional interference with contractual relations.

**I. Negligence Per Se**

In order to establish a claim for negligence per se, a plaintiff must show: (1) that the plaintiff belongs to a class of persons that a statute was intended to protect; (2) defendants violated the statute; (3) the violation was the cause of plaintiff's injuries; (4) plaintiff's injuries were the type which the statute was designed and intended to protect; and (5) damages. *See Anderson v. Baltrusaitis*, 944 P.2d 797, 799 (Nev. 1997).

Here, Smith fails to allege which specific sections of the Truth in Lending Act ("TILA") or the Real Estate Settlement Procedures Act ("RESPA") defendants are alleged to have violated. Further, Smith has neither alleged how defendants violated these statutes nor has she shown how she falls within the identified class of persons that the statutes protect. Accordingly, the court finds that Smith has failed to sufficiently allege a claim for negligence per se.

**J. Invasion of Privacy**

A cause of action for invasion of privacy requires: (1) an intentional intrusion by defendant; (2) on the solitude or seclusion of the plaintiff; (3) that would be highly offensive to a reasonable person. *See People for the Ethical Treatment of Animals v. Bobby Berosini, Ltd.*, 895 P.2d 1269, 1279 (Nev. 1995).

In her complaint, Smith alleges that her privacy was invaded by defendants because they recorded highly offensive false documents on her title and continuously intruded on her solitude by engaging in unwarranted harassing collection phone calls. *See* Doc. #1. The court finds these allegations are sufficient to plead a claim for invasion of privacy and shall deny Chase's motion.

///

1  IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. #16) is GRANTED in-part and DENIED in-part. Defendants J.P. Morgan Chase Bank and Chase Home Finance, LLC are DISMISSED without prejudice as defendants as to plaintiff's claims for Negligent Wrongful Death, violation of the Fair Debt Collection Practices Act, Breach of Contract, Breach of the Implied Covenants of Good Faith and Fair Dealing, Negligence Per Se, Breach of Fiduciary Duty, Civil Conspiracy, Negligence, and Unjust Enrichment.

IT IS FURTHER ORDERED that defendants' motion to stay (Doc. #17) is DENIED.

IT IS SO ORDERED.

DATED this 3rd day of November, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE