UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MARLENE SMITH,

      Plaintiff,

v.

J.P. MORGAN CHASE BANK; et al.,

      Defendants.

3:11-cv-0314-LRH-VPC

ORDER

Before the court is plaintiff Marlene Smith's ("Smith") motion for reconsideration of the court's order granting in-part and denying in-part defendants' motion to dismiss (Doc. #37[1]). Doc. #40. Defendants JP Morgan Chase Bank, N.A. and Chase Home Finance, LLC (collectively "Chase") filed an opposition (Doc. #43) to which Smith replied (Doc. #44).

**I.   Facts and Procedural History**

In May, 2006, plaintiff Smith and her late husband purchased real property through a mortgage note and deed of trust executed by defendant Long Beach Mortgage Company ("Long Beach"). Eventually, they defaulted on the loan and defendants initiated non-judicial foreclosure proceedings. Smith then allegedly entered into a binding loan modification with defendant Washington Mutual Bank, FA ("WaMu") in June 2009, before WaMu was placed in

---

[1] Relates to the court's docket number.

1  receivership with the Federal Deposit Insurance Corporation ("FDIC").

2  After the loan modification, defendants allegedly (1) continued with the non-judicial
3  foreclosure, (2) began harassing Smith and her late husband, and (3) recorded false documents on
4  their title. On June 5, 2010, while defendants were allegedly engaged in the aforementioned
5  activities, Smith's husband committed suicide.

6  Subsequently, on May 2, 2011, Smith filed the underlying complaint against defendants
7  alleging fourteen (14) causes of action: (1) wrongful death pursuant to NRS 41.085; (2) negligent
8  wrongful death; (3) Fair Debt Collection Practices Act; (4) intentional infliction of emotional
9  distress; (5) negligent infliction of emotional distress; (6) breach of contract; (7) breach of implied
10 covenants of good faith and fair dealing; (8) breach of fiduciary duty; (9) civil conspiracy;
11 (10) intentional interference with contractual relations; (11) negligence; (12) negligence *per se*;
12 (13) invasion of privacy; and (14) unjust enrichment. Doc. #1.

13 In response, Chase filed a motion to dismiss (Doc. #16) which was granted in-part and
14 denied in-part by the court (Doc. #37). In the court's order, the court dismissed Smith's claims for
15 negligent wrongful death, violation of the Fair Debt Collection Practices Act, breach of contract,
16 breach of the implied covenants of good faith and fair dealing, negligence per se, breach of
17 fiduciary duty, civil conspiracy, negligence, and unjust enrichment. Doc. #37. Thereafter, Smith
18 filed the present motion for reconsideration of the court's order concerning her claims for breach of
19 contract, breach of the implied covenants of good faith and fair dealing, and violation of the Fair
20 Debt Collection Practices Act. Doc. #40.

21 **II.   Discussion**

22 Smith brings her motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). A motion
23 under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and
24 conservation of judicial resources." *Kona Enters., Inc. v. Estaet of Bishop*, 229 F.3d 887, 890 (9th
25 Cir. 2000). Rule 59(e) provides that a district court may reconsider a prior order where the court is

26

2

presented with newly discovered evidence, an intervening change of controlling law, manifest injustice, or where the prior order was clearly erroneous. FED. R. CIV. P. 59(e); *see also United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In her motion, Smith contends that there court's prior order dismissing her claims for breach of contract, breach of the implied covenants of good faith and fair dealing, and violation of the Fair Debt Collection Practices Act was clearly erroneous. *See* Doc. #40. The court shall address each issue below.

**A. Breach of Contract**

To sufficiently allege a breach of contract claim, a plaintiff must allege: (1) the existence of a valid contract; (2) a breach by the defendant; and (3) damages resulting from defendant's breach. *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919-20 (D. Nev. 2006); *Brown v. Kinross Gold U.S.A., Inc.*, 531 F. Supp. 2d 1234, 1240 (D. Nev. 2008).

In the court's prior order, the court found that Smith failed to allege that Chase was a party to the loan modification or that there was a separate contract between Smith and Chase, and thus, she failed to state a claim for breach of contract as it relates to Chase. Smith argues that this finding was clearly erroneous because Chase was the assignee of the mortgage contract and loan modification between her and WaMu. *See* Doc. #40. However, Chase is not an assignee of the contract. Chase is simply a purchaser of certain rights under the mortgage contract from the FDIC, who is the receiver for WaMu and retains WaMu's liabilities. The "Purchase and Assumption Agreement" between Chase and the FDIC attached to Chase's original motion to dismiss clearly outlines and identifies the rights purchased by Chase while noting that all liabilities of WaMu associated with the mortgage contract, including the underlying claims by Smith, are retained by the FDIC. Therefore, the court finds that there is not a contract between Smith and Chase and shall deny the motion for reconsideration accordingly.

3

### B. Breach of the Implied Covenants

Because there is no contract between Smith and Chase, Smith likewise fails to state a claim for breach of the implied covenants. Therefore, the court shall also deny the motion as to this issue.

### C. Fair Debt Collection Practices Act

In the court's prior order, the court found that Smith failed to state a claim for violation of the FDCPA because Chase was a mortgage servicer. *See* Doc. #37. Smith argues that this finding was clearly erroneous because the complaint alleges that Chase was acting as a debt collector and not a mortgage servicer when it first contacted her regarding the mortgage. *See* Doc. #1, Exhibit A. Specifically, Smith alleges that Chase identified itself in its initial letters only as a debt collector attempting to collect on a debt. Therefore, upon re-examination of the allegations in the complaint, the court finds that Smith has alleged that Chase was operating as a debt collector subject to the requirements of the FDCPA. Accordingly, the court shall grant Smith's motion as to this issue and reinstate her claim for violation of the FDCPA.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Doc. #40) is GRANTED in-part and DENIED in-part in accordance with this order. Plaintiff's claim for violation of the Fair Debt Collection Practices Act is REINSTATED.

IT IS SO ORDERED.

DATED this 17th day of January, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4