# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MARLENE A. SMITH, ) | 3:11-CV-0314-LRH (VPC) |
| Plaintiff, ) | **MINUTES OF THE COURT** |
| vs. ) | March 18, 2013 |
| J.P. MORGAN CHASE BANK, et al. ) | |
| Defendant(s). ) | |

PRESENT:    THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:    LISA MANN        REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Plaintiff has filed a motion to disqualify magistrate judge and nullify all discovery rulings post October 22, 2012 (#137), seeking to have Magistrate Judge Valerie Cooke removed from this action.  Defendants opposed the motion (#157).  No reply was filed.

Recusal is governed by 28 U.S.C. §§ 144 and 455.  Plaintiff's affidavit must set forth facts and reasons for the belief that bias or prejudice exists.  28 U.S.C. § 144.  The standard for recusal under Sections 144 and 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986).  The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal.  *Id*.  The challenged judge should rule on the legal sufficiency of a recusal motion in the first instance.  *Id.* at 939.

Plaintiff's motion to disqualify magistrate judge is without merit.  Plaintiff has shown no reason for this judge's impartiality in this case to be questioned. The filing of a judicial misconduct complaint does not automatically result in disqualification.

IT IS THEREFORE ORDERED that plaintiff's motion to disqualify magistrate judge and nullify all discovery rulings post October 22, 2012 (#137) is **DENIED**.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By: /s/
Deputy Clerk